UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DERIAS PAGE                                                    PETITIONER
ANDERSON,


V.                                    CIVIL ACTION NO. 3:20-CV-00680-TSL-RPM


SCOTT MIDDLEBROOKS,                                         RESPONDENT

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

On October 21, 2020, petitioner Derias Page Anderson ("Anderson") filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254 ("Section 2254"), seeking for two state court convictions to be set aside and his respective sentences to be vacated. Doc. [1]. On January 26, 2021, respondent Scott Middlebrooks ("respondent") filed the present motion to dismiss Anderson's habeas petition on grounds that it is time-barred. *See* Doc. [5].

### II.    Procedural History

In his habeas petition, Anderson challenges two state-court convictions: (i) felony escape and (ii) manslaughter. First, on May 5, 2015, Anderson was indicted on one charge of felony escape, docketed as Cause No. 15–CR–0028–NS–G. Doc. [6], Ex. 1, at 2, 4. On June 22, 2015, Anderson petitioned the Neshoba County Circuit Court ("circuit court") to enter a plea of guilty; his guilty plea was entered on that same day. *Id.*, Ex. 1, at 1.  His final judgment of conviction for felony escape was entered on June 25, 2015. *Id.*, Ex. 1, at 7–8. Anderson was sentenced to three years imprisonment, a $2,000.00 fine, and assessed $383.50 in court costs. *Ibid.* Anderson did not

attempt to directly appeal this conviction or seek collateral review, via a motion for postconviction review ("PCR motion"), thereof. Doc. [1], at 2–3.

Second, on October 12, 2014, Anderson was indicted on one count of first-degree murder, docketed as Cause No. 15–CR–0101–NS–C. Doc. [6], Ex. 2, at 2. On March 14, 2016, Anderson petitioned the circuit court to plead guilty to a lesser charge of manslaughter. *Id.*, Ex. 2, at 15–16. On March 21, 2016, his final judgment of conviction for manslaughter was entered. *Id.*, Ex. 2, at 17–18. Anderson was sentenced to 20-years imprisonment to run consecutively to any other sentence that Anderson was serving, assessed $383.50 in court costs, and ordered to receive long-term alcohol and drug treatment as well as any other "necessary" therapy for his propensity for violence. *Ibid.*, Ex. 2, at 17–18. Anderson did not attempt to directly appeal his manslaughter conviction or seek collateral review, via a PCR motion, thereof. Doc. [1], at 2–3.

While Anderson never appealed or sought postconviction relief, he did continue to show a level of continued interest in his cases. On March 27, 2017, he sent a letter to the Neshoba County court clerk requesting any "motions of discovery/discovery disclosure" filed by his appointed counsel or the State in his cases, which prompted a quick response by the court clerk that no such motions were filed in either case. Doc. [6], Ex. 1, at 18; Ex. 2, at 20.[1] Later, on June 2, 2018, presumably unhappy with the court clerk's response, Anderson attempted to file a civil suit against her on the manslaughter docket—this "suit" was docketed as "Other" on that docket. *Id.*, Ex. 1, at 20–21; Ex. 2, at 1. Anderson did not take any further action until August of 2020 when he sent more letters and requests to the court clerk. *Id.*, Ex. 1, at 22–26; Ex. 2, 24–26.

---

[1] In this letter, Anderson also indicated that he attempted to contact the Neshoba County District Attorney's office and his former attorney for this same information, without receiving a response. *Ibid.* Anderson did not attach copies of these alleged additional letters to his petition.

On October 21, 2020, [2] Anderson filed the present habeas petition.

### III.    ARGUMENTS

In support of his motion to dismiss, the respondent argues that Anderson failed to file his habeas petition within Antiterrorism and Effective Death Penalty Act's one-year limitation period, 28 U.S.C. § 2244(d)(1) ("Section 2244(d)(1)"). Doc. [5]. Under Section 2244(d)(1), the respondent argues, Anderson's respective convictions became final on June 27, 2015 (felony escape) and March 21, 2016 (manslaughter). *Id.*, at 5–6. These are the starting dates, the respondent argues, because he was barred from directly appealing by state statute and Section 2244(d)(1)(B), (C), and (D) are inapplicable here. *Id.*, at 2, 4. Since Anderson did not file a PCR motion, the respondent continues, he is foreclosed from any statutory tolling. Doc. [5], at 6–7. Finally, the respondent argues that Anderson's argument, arising from a liberal reading of his habeas petition, that he is entitled to equitable tolling because his sentence is "illegal" is not an "extraordinary circumstance" and Anderson has not, in any case, shown reasonable diligence in pursuing his rights. *Id.*, at 7–11. For these reasons, the respondent concludes, Anderson's habeas petition should be dismissed as time-barred. *Id.*, at 13.

Anderson did not file formal opposition to the respondent's motion. However, in his habeas petition, Anderson explained that his filing was late because he "just find out [he] been illegally sentence and [he] haven't had any legal assistance." Doc. [1], at 13. Liberally construing his habeas petition, *Erickson v. Pardus*, 551 U.S. 89, 93–94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007), the Court understands Anderson to raise two equitable tolling arguments. Doc. [1], at 13. First,

---

[2] Under the prisoner mailbox rule, "a *pro se* prisoner's federal habeas corpus petition is deemed filed when the prisoner delivers it to prison officials according to the proper prison procedures." *Starns v. Andrews*, 524 F.3d 612, 616 n.1 (5th Cir. 2008). Here, it is unclear whether the petition was delivered to prison officials on the date of signing, October 21, 2020, or the date that it was sent out, October 22, 2020. Doc. [1]. For present purposes, the Court assumes that it was filed on the earlier date, October 21, 2020. *See, e.g.*, *Sonnier v. Johnson*, 161 F.3d 941, 943 n.1 (5th Cir. 1998); *DeJesus v. Bradt*, 174 F. Supp. 3d 777, 781 n.1 (W.D.N.Y. 2016); *Rupert v. Johnson*, 79 F. Supp. 2d 680, 688 n.16 (W.D. Tex. 1999).

Anderson argues that his sentence is "illegal" so he was entitled to file a late habeas petition. *Ibid.*
Second, he argues that he is entitled to equitable tolling because he did not have assistance of
counsel in pursuing habeas relief. *Ibid.*

### IV.    ANALYSIS

### A.  Statute of Limitations

Since the present motion addresses the timeliness of Anderson's federal habeas petition,
Section 2244(d) is applicable. 28 U.S.C. § 2244(d). In full, Section 2244(d) states:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas
> corpus by a person in custody pursuant to the judgment of a State court. The
> limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct
> review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State
> action in violation of the Constitution or laws of the United States is removed,
> if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized
> by the Supreme Court, if the right has been newly recognized by the Supreme
> Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented
> could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or
> other collateral review with respect to the pertinent judgment or claim is pending
> shall not be counted toward any period of limitation under this subsection.
>
> [28 U.S.C. § 2244(d).]

Under the statute, the one-year limitation period for filing a federal habeas petition *begins* to run
"from the latest of several start dates." *Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003).
Under Section 2244(d)(1)(A), a prisoner has "one year to file a federal petition for habeas corpus
relief," starting from the "date on which the judgment became final by the conclusion of direct

review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). "[T]he expiration of the time for seeking [direct] review," 28 U.S.C. § 2244(d)(1)(A), is measured from the date "when the time for seeking further direct review in the state court expires[,]" *Erickson v. Davis*, 895 F.3d 372, 374 (5th Cir. 2018) (quoting *Roberts*, 319 F.3d at 394). As such, Mississippi law is applicable here. *See*, *e.g.*, *Keel v. Davis*, No. 3:19–CV–125–GHD–RP, 2020 WL 5732620, at *1 (N.D. Miss. Sept. 24, 2020).

In Mississippi, a state prisoner cannot directly appeal a guilty plea. Miss. Code. Ann. § 99–35–101. *See also Wrenn v. State*, 121 So.3d 913, 914–15 (Miss. 2013) (right to appeal is entirely statutory in Mississippi); *Spraggins v. State*, 231 So.3d 1021, 1023–24 (Miss. Ct. App. 2017) (Miss. Code. Ann. § 99–35–101 prohibits direct appeal to Mississippi Court of Appeals after guilty plea). Instead, following a guilty plea, a Mississippi state prisoner's only state-law avenue to postconviction relief is via a PCR motion. *Wrenn*, 121 So.3d at 914–15. *See also Bibbs v. Hall*, No. 1:19–CV–632–HSO–LRA, 2020 WL 4572923, at *1 (S.D. Miss. Aug. 7, 2020). Thus, if a Mississippi state prisoner pleads guilty, his one-year limitation period begins to run upon entry of his final judgment of conviction *unless* Section 2244(d)(1)(B), (C), or (D) applies. *See*, *e.g.*, *Green v. Banks*, No. 1:18–CV–180–HSO–LRA, 2019 WL 1167809, at *3 (S.D. Miss. Mar. 13, 2019).

Here, since the challenged convictions arose from guilty pleas, Anderson was foreclosed from directly appealing those convictions. Miss. Code. Ann. § 99–35–101. In turn, for purposes of Section 2244(d)(1)(A), Anderson's one-year limitation periods began on the dates that his respective final judgments of conviction were entered. Doc. [6]; 28 U.S.C. § 2244(d)(1)(A). Turning to Section 2244(d)(1)(B), Anderson has not shown an impediment created by the state government that violated the Constitution or federal law which prevented Anderson from filing a timely petition. 28 U.S.C. § 2244(d)(1)(B). Similarly, Anderson has not shown a newly-recognized

constitutional right upon which his petition is based. 28 U.S.C. § 2244(d)(1)(C). Finally, there is no indication that his claims could not have been discovered earlier through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D).

Since Section 2244(d)(1)(B), (C) and (D) are inapplicable, the "latest" date that Anderson's one-year limitation period began is the date that his respective guilty pleas were entered as final judgments of conviction. *Roberts*, 319 F.3d at 692. Thus, the one-year clock on Anderson's respective convictions began to run on (i) June 25, 2015 (felony escape) and (ii) March 21, 2016 (manslaughter). *See* Doc. [6], Ex. 1, at 7–8; Ex. 2, at 17–18. Properly calculated, June 27, 2016 (felony escape)[3] and (ii) March 21, 2017 (manslaughter) are one year from his respective starting dates.

The Court turns to whether Anderson is entitled to equitable tolling of these respective one-year limitation periods.

## B.  Statutory Tolling

Under Section 2244(d)(2), a petitioner is entitled to statutory tolling for the period that his "properly filed" PCR motion (called an "application" in other jurisdictions) is "pending." 28 U.S.C. § 2244(d)(2). *See also Artuz v. Bennett*, 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000). "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Leonard v. Deville*, 960 F.3d 164, 168 (5th Cir. 2020) (quoting *Larry v. Dretke*, 361 F.3d 890, 893 (5th Cir. 2004)). Furthermore, an application is "pending" so long as the ordinary state collateral review process is "'in continuance.'" *Id.* (quoting

---

[3] It is well-established that Rule 6(a) of the Federal Rules of Civil Procedure applies to the Section 2244(d) limitations period. *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998). *See also Roberts v. Davis*, No. 7:19–CV–00031–O–BP, 2019 WL 5430659 (N.D. Tex. Oct. 1, 2019), *report and recommendation adopted*, No. 7:19–CV–031–O–BP, 2019 WL 5425465 (N.D. Tex. Oct. 22, 2019). Here, June 25, 2016 fell on a Saturday so, pursuant to Rule 6(a)(1)(C), last date of the felony escape limitation period is June 27, 2016. Fed. R. Civ. P. 6(a)(1)(C).

*Carey v. Saffold*, 536 U.S. 214, 219–20, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002)). That is, "until the completion of" the PCR process. *Saffold*, 536 U.S. at 220, 122 S.Ct. 2134. A petitioner is not entitled to statutory tolling under Section 2244(d)(2) if he files a PCR motion after the one-year limitation period expires. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). *See also Wright v. Tanner*, No. CV 17–4187, 2019 WL 3859025, at *4 (E.D. La. Aug. 16, 2019).

Here, Anderson concedes that he did not file a PCR motion in connection with either conviction before filing the present petition on October 21, 2020. Doc. [1], at 6. Thus, he is not entitled to statutory tolling. 28 U.S.C. § 2244(d)(2).

In the alternative, out of an abundance of caution, the Court liberally construes Anderson's "suit" filed against the court clerk and judge who oversaw his first-degree murder case as a PCR motion. Doc. [6], Ex. 1, at 20. There are serious doubts about whether the complaint would be considered a PCR motion in the first instance or "properly filed." Nevertheless, even if construed as a properly filed and pending PCR motion, the "suit" was filed on June 2, 2018. Doc. [6], Ex. 1, at 21. Anderson's one-year limitation periods ended on June 27, 2016 (felony escape) and March 21, 2017 (manslaughter). Since his one-year limitation periods expired before he filed his "suit," Anderson would still not be entitled to statutory tolling so construed. *See Scott*, 227 F.3d at 263. *See also Moses v. Cain*, No. CIV.A. 13–821, 2015 WL 269040, at *4 (E.D. La. Jan. 21, 2015).

## C. Equitable Tolling

In addition to statutory tolling, a petitioner may be entitled to equitable tolling. To be entitled to equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing.'" *Holland v. Florida*, 560 U.S. 631, 649, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)). "Equitable tolling is

'a discretionary doctrine that turns on the facts and circumstances of a particular case.'" *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The burden of proof rests with the petitioner, *Clarke v. Rader*, 721 F.3d 339, 344 (5th Cir. 2013), who must meet both prongs, *Manning v. Epps*, 688 F.3d 177, 185 n.2 (5th Cir. 2012).

The Court begins with the "extraordinary circumstances" prong. As the term "extraordinary" suggests, this prong will only "rarely" be met. *Hardy v. Quarterman*, 577 F.3d 596 (5th Cir. 2009) (per curiam). By extent, "'garden variety claim[s] of excusable neglect, such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline, does not warrant equitable tolling[.]'" *Sutton v. Cain*, 722 F.3d 312, 317 (5th Cir. 2013) (quoting *Holland*, 560 U.S. at 649, 130 S.Ct. 2549). Furthermore, filing delays must flow from external factors beyond the petitioner's control, *see Jackson v. Davis*, 933 F.3d 408, 410 (5th Cir. 2019), and, even then, the measure is "*how severely* those [external] impediments limited the petitioner's ability to timely file[,]" *Jimenez v. Hunter*, 741 F. App'x 189, 193 (5th Cir. 2018) (emphasis added) (citations omitted). *See also Bibbs*, 2020 WL 4572923, at *3. After all, "equity is not intended for those who sleep on their rights." *Manning*, 688 F.3d at 183 (quoting *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006)). Finally, "ignorance of the law is [not] sufficient to justify equitable tolling." *Johnson v. Quarterman*, 483 F.3d 278, 286 (5th Cir. 2007) (quotation omitted).

Turning to the diligence prong, the petitioner must show "reasonable diligence, not maximum feasible diligence." *Jackson*, 933 F.3d at 411 (quoting *Holland*, 560 U.S. at 653, 130 S.Ct. 2549). There is no temporal cut-off for diligence, *id.* at 413, but "'delays of the petitioner's own making do not qualify' for equitable tolling[,]" *Clarke*, 721 F.3d at 344.

Here, liberally construing Anderson's habeas petition, *Erickson*, 551 U.S. at 93–94, 127 S.Ct. 2197, Anderson first argues that he failed to file his habeas petition in a timely manner because

8

"[his] sentence was illegal." Doc. [1], at 5, 13. As the respondent points out, it is well-established that summarily claiming that one was given an "illegal" sentence does not constitute an "extraordinary circumstance." *See*, *e.g.*, *Williams v. Mississippi*, No. 3:17–CV–118–NBB–DAS, 2018 WL 312870, at *3 (N.D. Miss. Jan. 5, 2018) (collecting cases). This argument fails.

Second, since he did not receive assistance of counsel in pursuing his habeas petition, Anderson argues, there are "extraordinary circumstances" here. Doc. [1], at 13. However, Anderson had no absolute right to assistance of counsel in pursuing habeas relief. *See*, *e.g.*, *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002). Furthermore, ignorance of the law, proceeding *pro se*, unfamiliarity with the law, and lack of habeas counsel do not, without more, constitute "extraordinary circumstances." *See*, *e.g.*, *Felder v. Johnson*, 204 F.3d 168, 172–73 (5th Cir. 2000) (reasoning that neither proceeding *pro se* nor ignorance of the law constitute "extraordinary circumstances"); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (neither lack of familiarity with legal process nor lack of habeas counsel constitutes "extraordinary circumstances"). This argument also fails.

Moving beyond these arguments, Anderson only identifies the substantive grounds for his petition—at least one of which is incomprehensible. *See*, *e.g.*, Doc. [1], at 6.[4] His substantive grounds for habeas relief do not address "extraordinary circumstances" that would excuse his

---

[4] In his first ground for habeas relief, Anderson states:

> Ineffective assistance of counsel and illegal sentences from the judge with perjury statements that showed actual prejudice. . . . My attorney denied me a change of venue. To compel one charged with a violent crime to undergo a trial with the assistance of an attorney with whom he has become embroiled in irreconcilable conflict is to deprive him of the effective assistance of counsel. See Appendix A and B.

> [Doc. [1], at 5.]

Appendices A and B, however, refer to his two convictions obtained via *guilty plea* at issue in this petition. Neither case went to trial. It is unclear what Anderson is referencing.

failure to file a timely habeas petition. For these reasons, Anderson is not entitled to equitable tolling.

In the alternative, Anderson also failed to show that he pursued his rights in a reasonably diligent manner. *Holland*, 560 U.S. at 649, 130 S.Ct. 2549. Broadly construing his habeas petition, *Erickson*, 551 U.S. at 93–94, 127 S.Ct. 2197, there is some evidence to suggest that Anderson sought information related to his case in 2017 and 2018 by sending letters to the circuit court, his former attorney, and the Neshoba County District Attorney's office. *See* Doc. [6], Ex. 1, at 18; Ex. 2, at 20. The only letters in the record are those sent to the circuit court. *See generally* Doc. [6]. In the circuit court letters, Anderson asked for any "motions of discovery/discovery disclosure" filed by his counsel or the State in his cases. Doc. [6], Ex. 1, at 18; Ex. 2, at 20. However, Anderson does not explain why he waited more than almost two years after his felony escape conviction, and a year after his manslaughter conviction, before seeking case-related information. Doc. [1]. Similarly, these inquiries, occurring in 2017 and 2018, were not followed up by immediately filing a habeas petition. Instead, Anderson waited another two years before showing any further interest in gathering facts about his case. *See, e.g.*, Doc. [6], Ex. 1, at 22–26. Thereafter, Anderson finally filed his habeas petition after someone told him that his sentence was "illegal." Doc. [1], at 5, 13.

At best, Anderson made cursory, general requests for information from his former attorney, the Neshoba DA's office, well as the circuit court and had a basic interest in learning about his own convictions. However, these basic actions fall well short of a reasonable explanation for his failure to file a habeas petition for more than three years after each limitations period lapsed. For these reasons, Anderson has not been reasonably diligent in pursuing his rights.

### D. Fundamental Miscarriage of Justice Exception

Finally, the Court turns to the "fundamental miscarriage of justice" or, actual innocence, exception—though it is not raised by Anderson. *See McQuiggin v. Perkins*, 569 U.S. 383, 391–92, 133 S.Ct. 1924, 185 L.Ed.2d 1019 (2013) (recognizing actual innocence exception to AEDPA statute of limitations). Actual innocence refers to factual, not legal, innocence. *Johnson v. Hargett*, 978 F.2d 855, 859–60 (5th Cir. 1992). "An actual-innocence claim is only established when it is shown that, in the light of newly-discovered evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *Floyd v. Vannoy*, 894 F.3d 143, 154–55 (5th Cir. 2018) (quoting *Schlup v. Delo*, 513 U.S. 298, 316, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)). Newly discovered evidence must be reliable—"whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented[,]" *Schlup*, 513 U.S. at 324, 115 S.Ct. 851, at the plea colloquy, *United States v. Torres*, 163 F.3d 909 (5th Cir. 1999). This evidence need not, however, necessarily be admissible at a trial. *House v. Bell*, 547 U.S. 518, 538, 126 S.Ct. 2064, 165 L.Ed.2d 1 (2006). Ultimately, the category of cases reached by the actual innocence exception is "severely confined," *McQuiggin*, 569 U.S. at 394–95, 126 S.Ct. 2064, but a finding does not require "absolute certainty[,]" *House*, 547 U.S. at 538, 126 S.Ct. 2064.

Here, Anderson has failed to provide any evidence related to the *facts* of his underlying cases. Instead, Anderson merely provides two docket sheets and some correspondence with the circuit court about his cases, such as whether a "motion for discovery" was filed. This is not the type of evidence contemplated by the actual innocence exception. *Schlup*, 513 U.S. at 324, 115 S.Ct. 851. Furthermore, he does not identify any evidence that is *newly discovered* and did not exist well within his knowledge prior to his guilty pleas. *Floyd*, 894 F.3d at 154–55. Indeed, Anderson merely

requested *existing* documents in the state-court record related to his respective convictions before filing the present petition. *See, e.g.*, Doc. [6], Ex., at 18–26. Thus, Anderson has failed to meet his threshold burden. The actual innocence exception is not applicable in the present case.

### V.    <u>Conclusion</u>

Since neither tolling nor the actual innocence exception applies, the last dates that Anderson could file a federal habeas petition for his respective convictions, pursuant to Section 2244(d)(1), were (i) June 26, 2016 (felony escape) and (ii) March 21, 2017 (manslaughter), respectively. *See* Doc. [6], Ex. 1, at 7–8; Ex. 2, at 17–18; Fed. R. Civ. P. 6(a)(2). Since he filed the present habeas petition on October 21, 2020, his petition is untimely and, therefore, should be dismissed as time-barred. 28 U.S.C. § 2244(d).

### <u>RECOMMENDATION</u>

Based on the foregoing, the undersigned recommends that respondent Scott Middlebrooks' motion to dismiss is granted.

### <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and

recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

**SO ORDERED AND ADJUDGED**, this the 24th day of June 2021.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE